New Jersey National Bank and Trust Company, trustee under an agreement with Lincoln Mortgage and Title Guaranty Company, complainant,

*v.*

Berkshire, Incorporated, et al., defendants.

[Decided July 30th, 1931.]

934

*Mr. Jerome C. Eisenberg,* for the complainant.

*Messrs. Levy, Fenster & McCloskey,* for the respondent Harry Harris.

BERRY, V. C.

After bill to foreclose and *lis pendens* filed, and after final decree, the Acme Properties Corporation, of which the respondent Harris is president and owner, took a conveyance of the mortgaged premises from the mortgagor, entered into possession and began collecting the rents. After execution issued, and a few days before the sheriff's sale, and also after the sheriff's sale but before delivery of the sheriff's deed, Harris collected rents not then due totalling $1,058. The sheriff's sale was on January 6th, 1931, confirmed January 17th, and deed delivered January 24th. The rents collected by Harris were for the months of February, March and April, and due and payable on the first of those months respectively.

The mortgage which was foreclosed contained an assignment of rents effective upon default. The mortgagee was the purchaser at the foreclosure sale and there was a deficiency. The Acme corporation and Harris had full knowledge of the proceedings and of the impending sale and of the purchase by complainant. For the purposes of this proceeding Harris and the Acme corporation may be considered as one. Harris' collection of rents in advance of their due date is evidence of an attempt on his part to take everything of value from the property in anticipation of the sheriff's sale, which he knew would inevitably result in his dispossession. When these facts were brought to the attention of the court, Harris was ordered to pay the rents so collected to the complainant purchaser. His counsel at that hearing admitted the rents were collected wrongfully and that he had advised against it and agreed that they should be repaid. An order was entered accordingly. His client refused to obey that order and proceedings in contempt were instituted. In that proceeding, which is undisposed of, Harris put in three defenses: (1) that he was destitute and could not pay; (2) that he had spent the money in repairs and upkeep of the property, and (3) that the court had no right to order him to pay the rents to the complainant anyway and that he had appealed, or intended to appeal, from such order. In view of the proposed appeal, the contempt proceedings were held in abeyance, and these conclusions are filed after considering briefs of counsel on the main question: namely, the right of the court to order payment of such rents to the complainant purchaser. The following reasons are urged in support of the contention that the court erred in issuing the order directing the respondent to pay the rents, unlawfully collected, to the complainant purchaser:

1. No rights of the mortgagee or the purchaser have been invaded.

2. Complainant has an adequate remedy at law against the respondent.

3. Complainant is estopped from claiming the rents because he had no receiver appointed.

4. The relief sought cannot be had in a summary proceeding.

The argument advanced to sustain the first point is that the tenants paid rent in advance at the peril of having to pay it over again, and that they are still liable to complainant and he may collect from them. But this is immaterial. The issue here is not whether the tenants may be held liable at the complainant's suit, but whether, under the circumstances here disclosed, the respondent is accountable to complainant for the rents wrongfully collected by him. It is admitted that he had no right to collect the rents, but he, in effect, says, "I collected them, but what are you going to do about it?" This argument is of no avail here.

The second point is naive, to say the least, in view of the fact that the respondent loudly proclaims his insolvency. A judgment at law against him would be of small value and the legal remedy, obviously, futile and inadequate.

As to the third point, no estoppel can arise in favor of any party by his own wrongful act. The failure of the complainant to have a receiver appointed gave the respondent no right to collect rents which the receiver himself, if appointed, could not have collected against the will of the tenants. The complainant is not estopped.

Nor is this a summary proceeding in the sense urged by the respondent. It is a step in the cause and pursuant to a decree subject to which the respondent acquired the property and which is binding upon him. A purchaser at a sheriff's sale, when not a party to the original suit, is held to be made a party by the purchase so far as to be subject to the jurisdiction of the courts on questions arising from the sale. *Shann* v. *Jones, 19 N. J. Eq. 251; Silver* v. *Campbell, 25 N. J. Eq. 465; Bowne* v. *Ritter, 26 N. J. Eq. 456; McCarter* v. *Finch, 55 N. J. Eq. 245.* The same principle should apply where one with knowledge of the foreclosure proceedings purchases the mortgaged premises *pendente lite,* or after decree and before execution issued. In either case he steps into the shoes of the defendant mortgagor so far as the property is concerned and has no superior rights.

He could, of course, properly be joined as a party defendant in the cause either on his own or the complainant's application; or, indeed, on the court's own motion. *Chancery Rule 12*. See, also, *Riverside Building and Loan Association* v. *Bishop, 98 N. J. Eq. 508; Weinberger* v. *Goldstein, 99 N. J. Eq. 1; affirmed, 101 N. J. Eq. 310*. For the purposes of this proceeding he is considered a party and if necessary an order to that effect will be entered.

Ample grounds exist upon which the court's order may be sustained. The respondent's act is a fraud upon the complainant. It is admitted that the respondent collected the rents wrongfully, and that the complainant was entitled to them. Under these circumstances, a trust by operation of law arose. The principle is laid down in *3 Pom. Eq. Jur. (4th ed.) § 1047*. It is there clearly indicated that notwithstanding the complainant may have a right of action at law against the respondent, relief may also be obtained in this court, and in this connection it should be borne in mind that a considerable portion of the rents here involved were collected between the date of the sale and the delivery of the deed. During this period the respondent was trustee in fact of the mortgaged premises and their usufruct for the benefit of the purchaser. There is no doubt but that the trustee may be made to account in this proceeding, whether he be trustee by operation of law or otherwise.

But there are other grounds upon which the respondent may be held accountable. Recently Vice-Chancellor Buchanan held (*In re Singer, 105 N. J. Eq. 220*) that a plumber who had installed plumbing and steam heating apparatus in a building subject to a mortgage and who had not been paid could not remove such apparatus during the pendency of a foreclosure suit even though he was not a party to the proceeding and had no knowledge of it. He was held in contempt of court for unlawfully interfering with the subject-matter of the suit. The respondent's position here is no better than that of the plumber there. The act of the plumber depreciated the value of the premises by injuring the freehold; that of the respondent, by depleting the income. Both

are on a par, with this exception—that the respondent is virtually a party to the suit and had full knowledge, while the plumber did not. The principle of that case is applicable here. But still another reason suggests itself for maintaining the court's order. In *Paramount Building and Loan Association* v. *Sacks, 107 N. J. Eq. 328,* it was held that where each of three successive mortgages contained a clause assigning the rents and the third mortgagee enters into possession and collects the rents, he may be requird to account in equity to the prior mortgagees. See, also, *Stanton* v. *Metropolitan Lumber Company, 107 N. J. Eq. 345; New Jersey National Bank and Trust Company* v. *Morris, 9 N. J. Mis. R. 444.* The respondent is in no better position here than was the third mortgagee in possession there. Both derived their rights from a defaulting mortgagor and took subject to prior rights. Both are equally accountable to the prior assignee. The respondent's rights are not superior to his grantor's, who had already assigned the rents to the complainant. A receiver's right to collect rent cannot be defeated by the tenant's payment of rent in advance at the solicitation of the mortgagor in anticipation of the receivership. *42 C. J. 128 ¶ 1704.* The right of the mortgagee to receive the rents having accrued by virtue of the assignment (*Paramount Building and Loan Association* v. *Sacks, supra; Stanton* v. *Metropolitan Lumber Company, supra*), that right cannot be defeated by the collection of rents by the mortgagor, or one standing in his shoes, in violation of the assignment. The order will stand.

Counsel for respondent has urged that his client is entitled to a stay and a suspension of the contempt proceedings pending the disposition of this controversy on appeal. No stay will be granted unless the respondent deposits with the clerk of this court the amount of rents collected plus interest to the date of deposit. If such deposit is not made the proceedings in contempt will proceed.